## Ex parte FORT SMITH & VAN BUREN BRIDGE COMPANY.

### Opinion delivered June 6, 1896.

TAXATION — EQUALIZATION OF ASSESSMENT. — Where all other real property of the county has been assessed at one-half of its actual value, the owner of a bridge which is assessed at its actual value is entitled, upon application to the county court, to a reduction of one-half of the assessment, under Const. art. 16, sec. 5, providing that all property shall be taxed according to its value, "to be ascertained in such manner as the general assembly shall direct, making the same equal and uniform throughout the state," and Sand. & H. Dig., sec. 6530, providing that the board of equalization may reduce the valuation of such tracts as have been returned above their true value, "as compared with the average valuation of the real property of the county."

Appeal from Crawford Circuit Court.

JEPHTHA H. EVANS, Judge.

*L. F. Parker* and *B. R. Davidson*, for appellant.

"No one species of property * * shall be taxed higher than another species * * of equal value." Const. art. 16, sec. 3. There must be uniformity. 27 Ark. 202–210; 49 Ark. 337; 48 *id*. 382; 101 U. S. 143, 153; 127 *id*. 193; 41 Fed. 468. It is a violation of the constitution to assess at its *full value* one piece of property, while all other property is assessed at fifty per cent.

*E. B. Kinsworthy*, Attorney General, *contra*.

1. In estimating the *value* of property, it is proper to take into consideration the advantages or profits that can or may be derived from it. 17 Atl. 234; 46 N. J. L. 67; 25 Am. & Eng. Enc. Law, 226; 79 Am. Dec. 396. Appellants have only estimated the *cost of construction*, omitting the *franchise* and profits, etc.

2.  In the absence of proof to the contrary, it will be presumed that the value fixed is a fair and just one. 146 N. Y. 304.

3.  It is the duty of the assessor to assess the property at its cash value—not at half its cash value. Sand. & H. Dig., sec. 6498; 15 S. E. 768,·67 Miss. 614.  The fact that other property is assessed below its true value will not entitle appellant to have the assessment of its property reduced to a value less than its cash value. 26 Atl. 845; 25 N. E. 469.

BATTLE, J.   The Fort Smith & Van Buren Bridge Company owns a bridge over and across the Arkansas river, one-half of which is in Sebastian, and the other in Crawford, county.  The assessor assessed the half of it in Crawford, for the year 1895, at $150,000.  The bridge company then complained to the county board of equalization of excessive valuation, and asked that the assessment be reduced to $75,000; and the board reduced it to $125,000, and refused to make any further reduction. The bridge company then appealed to the county court, and it refused any relief, and then appealed to the circuit court, and, it refusing to reduce the valuation, appealed to this court.

The evidence adduced at the trial in the circuit court proved the facts we have stated; that $240,000 or $250,000 was a fair market price for the entire bridge; and that the basis on which the board of equalization of Crawford county attempted to equalize the assessment of all real estate in that county for 1895 was 50 per cent. of its actual value; that is to say, made the assessed or taxable value of such property one-half of what it was actually worth.  Appellant contends that, under the circumstances, the assessment of one-half of the bridge should have been reduced, according to its request, to $75,000.

The theory of our constitution is that the burden of the support of the government should be borne by common contributions. Taxation is the principal means provided for this purpose. To make this burden equal, all property subject to taxation is required to be taxed according to its value, "that value to be ascertained in such manner as the general assembly shall direct, making the same equal and uniform throughout the state;" and the constitution provides that "no one species of property from which a tax may be collected shall be taxed higher than another species of property of equal value." Constitution, art. 16, sec. 5.

To carry into effect the constitution in this respect, the general assembly has enacted statutes making it the duty of the assessors of the counties in this state to assess all real estate "at its true market value in money" (Sand. & H. Dig., secs. 6498, 6499), and to prevent unjust discrimination, and to make the burden of taxation equal and uniform, enacted statutes which require the appointment of a board of equalization for every county in this state, whose duty it is to hear complaints of property-owners, and to equalize the valuation of all property, personal and real. In the discharge of this duty the board is required to observe the following rules:

"*First.* It shall raise the valuation of such tracts and lots of real property as in the opinion of the board have been returned [that is, by the assessor] below their true value to such price or sum as may be deemed to be the true value thereof, agreeably to the requirements of this chapter in regard to the valuation of real property. Said board may actually enter upon and view property when they are not fully satisfied of its true value.

"*Second.* It may reduce the valuation of such tracts or lots as in the opinion of the board have been returned above their true value, *as compared with the*

*average valuation of the real property of such county,* having due regard to the relative situation, quality of soil, improvements and natural and artificial advantages" (Sand. & H. Dig., secs. 6526, 6530).

According to the first of these rules, it is the duty of the board to raise the valuation of all real property, which has been undervalued, to its true value ; and, according to the second, it is authorized to reduce the valuation of that which has been "returned above its true value, *as compared with the average valuation of the real property of the county.*" From the two it is apparent that the board has no authority to discriminate against one tract or lot of real estate in favor of all other property of the same kind in the county. All property of the same class should be valued according to the same standard, and that should be the market value. But, in the event the assessor has not done this, and the board finds that he has made exceptions to his rule of valuation, and assessed the real estate of a few higher than that of the majority of the property owners, the statute authorizes it to reduce the assessment of the few by valuing their property according to the rule by which such property of the majority was assessed. Whether the statute in this respect is constitutional, it is not necessary, at this time, to determine. One thing is clear, however ; and that is, the assessor and board have no right to make discriminations in the assessment and equalization of the valuation of property.

The real property of Crawford county, with few exceptions, was assessed, it appears, for 1895, at one-half its market value. The bridge of appellants was one of the exceptions. The board refused relief against this wrong, and its owner appealed to the county court. Was it entitled to relief? It may be said that, inasmuch as its property was not assesed above its true value, it had no right to complain. But this is not true. It had

the right to demand that no unequal burden be imposed upon it by taxation. *Dundee Mortgage Trust Investment Co.* v. *Charlton*, 32 Fed. Rep. 194. The duty to contribute to the support of the state government by the payment of taxes is imposed upon all persons owning property subject to taxation. The constitution provides that this burden shall be apportioned among·them according to the value of their property, to be ascertained as directed by law. When, therefore, the property of a few is taxed according to its value, and of all others at one-half its value, then the few are required to contribute double their portion of the burden. This is manifestly a wrong, and justice demands that it be redressed, whenever it can be·done conformably to the laws.

When the Fort Smith & Van Buren Bridge Company, in the exercise of the·right conferred upon it by the statute, appealed from the board, the county court, to which it appealed, thereby·acquired jurisdiction over the valuation or assessment of the bridge, and the authority to grant any relief to which the company may be entitled. Was it entitled to any?

Judge Cooley says : "For a merely excessive or unequal assessment, where no principle of law is violated in making it, and the complaint is of an error of judgment only, the sole remedy is an application for an abatement, either to the assessors, or to such statutory board as has been provided for hearing it. The courts, either of common law or of equity, are powerless to give relief against the erroneous judgments of assessing bodies, except as they may be specially empowered by law to do so. * * * * The grounds on which one should have an abatement are not such as arise on a consideration of his assessment, considered by itself; but they may include the assessment of others, so far as, by reason of their not being what they should be, they

affect him injuriously. One may, therefore, justly claim an abatement of an assessment which, considered by itself, is not too high, if those of others are relatively and purposely made too low." Cooley on Taxation (2d Ed.), pp. 748, 751.

But can one be entitled to an abatement of an assessment which, considered by itself, is not too high, under any circumstances, when the constitution and statutes require all property to be assessed and taxed at its true value? In *Cummings* v. *National Bank*, 101 U. S. 153, "it appeared that the officers of Lucas county, Ohio, charged with the valuation of property for the purposes of taxation, adopted a settled rule or system by which real estate was estimated at one-third of its true value, ordinary personal property about the same, and moneyed capital at three-fifths of its true value. The state board of equalization of bank shares increased the valuation of them to their full value. Upon a bill brought by the Merchants' National Bank of Toledo against the treasurer of the county, in which the bank was established, to enjoin him from collecting taxes assessed on the shares of the stockholders, payment of which was demanded of the bank under the law, it was held that the rule or principle of unequal valuation of the different classes of property for valuation adopted by the board of assessment was in conflict with the constitution of Ohio (art. 12, sec. 2), which declares that 'laws shall be passed taxing by a uniform rule all moneys, credits, investments in bonds, stocks, joint-stock companies, or otherwise, and, also, all the real and personal property according to its true value in money,' and worked manifest injustice to the owners of shares in national banks; and that the bank was, therefore, entitled to the injunction against the illegal excess, upon payment of the amount of the tax which was equal to that assessed on other property. That decision was

rendered upon a disregard by the assessing officers of a rule prescribed by the constitution of the state." *Stanley v. Supervisors of Albany*, 121 U. S. 551; *National Bank v. Kimball*, 103 U. S. 732; Cooley, Taxation (2d ed.), 784.

In *Cummings* v. *National Bank* the court did not deny relief because the plaintiff's property was assessed at its true value, but relieved it of the unequal burden imposed upon it contrary to the constitution, by enjoining the collection of so much of the tax as was in excess of the amount of that assessed on other property of the same value. The relief granted was equivalent to superseding, before the levy of taxes, so much of the assessment as rendered it unequal; for without the assessment the tax is void. The right to grant either relief is based on the same principle. For the same reason that the injunction was granted in *Cummings* v. *National Bank*, the equivalent can be granted in a proper case by a court of competent jurisdiction, the object of the two remedies being the same.

In this case the county court acquired jurisdiction, by the appeal of the bridge company, to grant relief from the illegal, erroneous, or unequal assessment of appellant's property, but did not acquire the right or authority to make the valuation of all real property in the county, for the purposes of taxation, in all cases in which it had not been done, the true value, by raising it, or to change the valuation of any property except the bridge. The assessment of no property can be increased without notice first given to the owner by the board of equalization. (Sand. & H. Dig., sec. 6520; *Board of Equalization Cases*, 49 Ark. 518). How, then, was the county court to afford relief to appellant? The only relief it could have afforded was to reduce the valuation, so as to make it conform to the standard adopted in the valuation of the other real property in the county, or the

average valuation of such property. Why should not this relief be granted? The valuation of property is only a constitutional means adopted for the purpose of making the burdens of government bear upon each taxpayer in proportion to the value of his property. The relief suggested accomplishes that end in this case. By granting it a constitutional right will be enforced, and by denying it will be withheld, because the means devised for its enforcement were not adopted. By pursuing the latter course the constitution will be made the means of defeating itself, by the imposition of unequal burdens. To avoid this result, the relief should be granted.

In assessing and equalizing the value of bridges, buildings, structures and improvements on lands, the assessors and boards are governed by the same rules; they being real property, as defined by the revenue laws of this state. Sand. & H. Dig., sec. 6401.

As the assessment of the real property of Crawford county for 1895 was purposely equalized at one-half of its market value, so the valuation of one-half of the bridge of appellant should have been reduced by the county court to $75,000, as the owner requested; that being fully as much as, or more than, one-half of its market value.

The judgment of the circuit court is, therefore, reversed, and the cause is remanded, with directions to reduce the valuation of the bridge, for assessment for 1895, to $75,000, and for other proceedings.