## JAMES E. TRASK v. EMILY V. SKOOG.[1]

November 2, 1917.

No. 20,498.

**Taxation — notice of expiration of redemption — name of person to whom assessed.**

Land is assessed, within the meaning of section 2148, G. S. 1913, on the day the assessor certifies and returns to the auditor the assessment books wherein the assessor has valued the land for the purposes of taxation. And from and after that date a notice to terminate the right of redemption from a tax sale, issued before another assessment is made and returned by the assessor, must be directed to the person in whose name the land is assessed upon the books so certified and returned by him.

[1]Reported in 164 N. W. 914.

Action in the district court for Ramsey county to determine adverse claims to certain vacant and unoccupied real estate. In her answer defendant specifically alleged that she was the owner in fee simple. The case was tried before Brill, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*James E. Trask, pro se.*

*Sanborn, Graves* and *Appel,* for respondent.

HOLT, J.

This appeal presents the sole question whether the notice to eliminate the right of redemption in real estate tax proceedings must always be directed to the person in whose name the land was last assessed by the assessor, and that is, with rare exceptions, in even numbered years.

The facts are these: In 1914 the lots in controversy were assessed in the name of M. J. McVean. October 15, 1914, James E. Trask, the plaintiff, obtained a decree, based upon city assessment certificates, quieting the title to the lots in himself. The transfer effected by this decree was immediately entered by the county auditor in the book in his office designated as "The Grand List of Taxable Lots, Transfer Book and Record of Delinquent Tax," so that therein plaintiff appeared as the last grantee in the title. Upon the book called "Real Estate Tax Duplicate for 1915" the name of plaintiff appears as owner of the lots. The notice of expiration of redemption was issued May 15, 1916, and was directed to M. J. McVean. It was and is conceded that if this notice was directed correctly defendant is the owner of the lots; if not, plaintiff is. The trial court held the notice valid and ordered judgment for defendant. Plaintiff appeals from the order denying a new trial.

The statute applicable is section 2148, G. S. 1913, which, so far as here material, reads: "Every person holding a tax certificate * * * may present such certificate to the county auditor; and thereupon the auditor shall prepare * * * a notice, directed to the person in whose name such lands are assessed, specifying * * *. If, at the time when any tax certificate is so presented, such lands are assessed in the name of the holder of the certificate, such notice shall be directed also to the person in whose name title in fee of such land appears of record in the office of the regis-

ter of deeds." Then follow provisions in respect to the delivery of the notice to the sheriff for service, and a form for the notice. The part of the section directly involved in this appeal is the clause, "directed to the person in whose name such lands are assessed," and the decision must turn upon the meaning therein of the word "assessed."

Appellant contends that the primary meaning of the word "assess" is to apportion the amount of the tax to be raised, hence refers to the work of the auditor, and that only in its secondary or derivative meaning does it apply to the valuation by the assessor of property for the purposes of taxation, citing 5 C. J. p. 813. He also fortifies this position by referring to such sections as 1981 and 1995, G. S. 1913, which ordain that the auditor shall annually provide the necessary assessment books and that the assessor shall perform his duties during the months of May and June each year, thus drawing the inference that each year there is an assessment made and hence in the assessment book or record for each year are to be found the persons in whose names the lands are assessed.

The learned trial court, in the memorandum filed, aptly disposed of appellant's contentions thus: "The words 'assess' and 'assessed,' however used elsewhere, in the statutes of this state relating to taxation refer to and have from beginning referred to the valuation of property by the assessor. The county auditor furnishes the lists of all real property to the assessor. The auditor fixes the rate of taxation from data supplied him by the taxing authorities, he computes and extends the tax upon the assessed valuation made by the assessor, or that valuation as corrected by the reviewing board. If in a very limited general sense it may be said that the auditor assesses the taxes, he does not in any sense assess the property."

The meaning of "assessed" in said section 2148 was virtually determined more than 20 years ago, in Eide v. Clarke, 57 Minn. 397, 59 N. W. 484. It was there held that "lands 'are assessed,' for the purpose of this notice, when the assessor returns the assessment book, properly filled out, to the county auditor, as provided in section 41 (section 2029, G. S. 1913); and the name of the person then stated in the assessment book as owner of a parcel of land is the person in whose name the land is then assessed." The assessor assesses or values real estate for the purposes of taxation only in even numbered years, except that in odd numbered

years improvements made since the previous assessment and real estate which since then has ceased to be exempt are assessed and returned by the assessor with the assessment of the personal property. In even numbered years the assessor shall also make a separate list of real estate exempt for taxation and value the same. Sections 1979, 1989 and 1990, G. S. 1913. The books upon which the assessor enters his assessments or valuations are prepared and furnished by the auditor. When the assessor has completed his work he returns them with his certificate to the auditor as provided in section 2029, G. S. 1913. This act of the assessor fixes the exact time after which redemption notices must be directed to the person named as owner of any tract of land described in such books until the next time at which the assessor makes a similar return on that tract. We must take notice that, aside from the exceptions mentioned, real estate is thus assessed in even numbered years only. Hoyt v. Chapin, 85 Minn. 524, 89 N. W. 850; Sterling v. Urquhart, 88 Minn. 495, 93 N. W. 898. It was held in Walker v. Martin, 87 Minn. 489, 92 N. W. 336, that a notice of redemption could not issue where there had been no such assessment by an assessor, although there had been an extension of taxes against the land, the court saying: "Land is assessed for the purpose of addressing the notice of the expiration of the period of redemption when the assessor returns the assessment book to the county auditor." It was stipulated that the lots here involved were vacant, and the "Real Estate Tax Duplicate Book" for 1915, in which plaintiff appeared as owner of the lots, was not a book wherein the assessor had entered an assessment or upon which he had made any return as provided by section 2029, G. S. 1913.

Sections 1981 and 1985, G. S. 1913, and other provisions relating to the imposition and enforcement of taxes, must be read in connection with sections 1979 and 2029. Thus read no books are required to be prepared by the auditor for the assessor in odd numbered years in respect to real estate, except such as are to cover improvements added since the last assessment by the assessor and exempt property restored to taxation. The testimony also shows that the "Real Estate Tax Duplicate Book" for 1915, above referred to, was prepared by the auditor from the assessment books returned by the assessor the previous year and from such information as to ownership as could be derived from the "Grand List of

Taxable Lots" before mentioned.   It was not a record or book that ever came into the hands of the assessor, but was one made entirely by the auditor from data he had for the purpose of computing and extending the tax for that year and then turning it over to the county treasurer for collection of the taxes therein computed.   The auditor starts the work on these books, as well as on those of real estate assessment books turned over to the assessor in the even numbered years, in the early part of each year and his work on all of these books is not completed until late in the fall so that they are delivered to the treasurer before the year expires.

The purpose of the notice of redemption is unquestionably to reach the true owner so that he may protect his title.   But since ownership is sometimes uncertain, or not easy to ascertain, the law prescribed the method which was thought most likely to bring home the information to the owner and, at the same time, be so definite and certain that the officials charged with the preparation and service of the notice could comply with the law with that exactness demanded when it came to the final step of transferring title to land for failure to pay the tax thereon.   We think the word "assessed" in section 2148 should be permitted to retain the meaning adopted in Eide v. Clarke, supra.   We have then a workable, definite rule for directing and serving the notice of redemption which, take it all in all, is best adapted to protect both the owner and the holder of the tax certificate.

The trial court rightly held that the notice was properly directed.
Order affirmed.