School District No. 4 of the Village of Shorewood, Respondent, vs. First Wisconsin Company, Appellant.

*April 11—May 12, 1925.*

*Schools: Limit of indebtedness of district: How computed: Assessment to be used as base: Appeal: Obiter: Germane questions.*

1. Both under sec. 3, art. XI, Const., limiting the indebtedness of a school district to five per cent. of the value of the taxable property as ascertained from the last assessment for state and county taxes, and under sub. (4), sec. 67.01, Stats., providing for the ascertainment of such value from the last "equalized assessment" for state and county taxes, the assessment as equalized by the local board of review, and not as equalized by the county board, is the basis of computation. [This case is ruled by *State ex rel. Marinette, T. & W. R. Co. v. Tomahawk,* 96 Wis. 73, where the precise question, although not necessary to the decision, was determined.]  p. 152.

2. When a court of last resort intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy, such decision is not a *dictum*, but is a judicial act of the court which it will thereafter recognize as a binding decision.  p. 153.

Appeal from an order of the circuit court for Milwaukee county: Otto H. Breidenbach, Circuit Judge. *Reversed.*

Action by the school district to compel the defendant, pursuant to a contract entered into, to purchase bonds issued by the school district. The defendant claims it is not liable to purchase the bonds in question because the school district has exceeded its constitutional limit of indebtedness and therefore the bonds were not lawfully issued. If the assessment made by the local assessor of Shorewood as corrected by its board of review is to be taken as the basis of computation, the school district has exceeded its constitutional limit of indebtedness. But if the assessment as equalized by the county board is to be taken as the basis, then the school district has not exceeded its constitutional indebtedness and the bonds were lawfully issued. The trial court held that

the assessment made by the county board was the assessment meant in sec. 3 of art. XI of the constitution as being the last assessment for state and county taxes previous to incurring the indebtedness. The complaint setting out the material facts was demurred to by defendant. From an order overruling the defendant's demurrer to the complaint the defendant appealed.

For the appellant there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Louis Quarles*.

*George H. Gabel* of Milwaukee, for the respondent.

VINJE, C. J. Sec. 3, art. XI, of the constitution provides: "No county, city, town, village, school district, or other municipal corporation shall be allowed to become indebted in any manner or for any purpose to any amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein, to be ascertained by the last assessment for state and county taxes previous to the incurring of such indebtedness." Sub. (4), sec. 67.01, provides that "Every reference [chapter 67] to the value of the taxable property in a municipality, other than a county, refers to such value according to the last equalized assessment thereof for state and county taxes." It is the contention of the appellant that the provision of the statute quoted is repugnant to the constitution because it is claimed that there is only one assessment made for county and state taxes as well as local taxes, and that is the assessment made by the local assessor as corrected by the local board of review. It is urged that the so-called assessment by the county board is only an assessment of the relative value as called for by the statute, and that all the county board does is to equalize the assessment of the various assessment units within the county, and thus the board arrives at a different sum from that returned by the local board of review, and it is this equalized assessment that determines what share of state and county taxes each assessment unit

shall bear; and it is argued that such equalized assessment does not change or destroy the assessment of the individual properties as to the actual value placed thereon by the local board of review.

It is the claim of the respondent that the words "last assessment for state and county taxes previous to the incurring of such indebtedness" can refer only to the assessment made by the county board when it determines the valuation of all property in the county for the purpose of extending thereon the state and county taxes. It points out that state taxes are levied upon the counties in accordance with the valuation made by the state authorities, and that the state and county taxes levied upon the local taxing units are in accordance with the valuation made by the county board, and that state, county, and local taxes are levied upon the valuations or assessments made by the local board of review, and that each assessing authority is by statute required to make an assessment "which shall be the full value according to their best judgment." It also relied upon the provisions of sub. (4) of sec. 67.01 of ch. 67 relating to municipal borrowing, to the effect that "Every reference to the value of the taxable property in a municipality, other than a county, refers to such value according to the last equalized assessment thereof for state and county taxes, and in a county, to such value as last established by the tax commission." It is needless to express any opinion upon the merit of respondent's contentions because they were decided adversely to it in *State ex rel. Marinette, T. & W. R. Co. v. Tomahawk,* 96 Wis. 73, 71 N. W. 86. In that case the court discussed and determined that the "last assessment for state and county taxes," within the meaning of the constitutional provision, is "the last assessment of the town, city, or village as fixed by the local board of review, upon which county and state taxes may be extended, as well as local taxes."

This ruling was adhered to in *Stedman v. Berlin,* 97 Wis. 505, 511, 73 N. W. 57, where the court says: "The 'last

School District v. First Wisconsin Co. 187 Wis. 150.

assessment for state and county taxes,' within the meaning of this provision, is the last assessment in the municipality as equalized by its board of review," citing the *Tomahawk Case*. We are satisfied that the previous ruling of this court correctly interpreted the constitutional provision in question and should be adhered to.

But it is claimed that the ruling in the *Tomahawk Case* was a mere *dictum* and therefore not binding upon the court. In that case the question was squarely raised as to which assessment was meant in the constitution, that of the local taxing unit or that of the county board; the former was the lower, and the court found that the indebtedness did not exceed five per cent. of it. The court could have said that since we find that the indebtedness does not exceed five per cent. of the lowest assessment it is not necessary to decide which assessment was meant by the constitution. But it did not say so. On the other hand it considered, discussed, and determined the matter. This court has held "that when a court of last resort intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy, such decision is not a *dictum* but is a judicial act of the court which it will thereafter recognize as a binding decision." *Chase v. American C. Co.* 176 Wis. 235, 238, 186 N. W. 598. For a further discussion of the subject a reference is made to that case and cases cited therein.

It will be noted that Mr. Justice PINNEY, in writing the *Tomahawk Case,* used the words "last assessment . . . as *fixed* by the local board of review," while in *Stedman v. Berlin* he used the words "last assessment . . . as *equalized* by its board of review." We are of the opinion that the words "equalized assessment" used in sub. (4), sec. 67.01, means the assessment as fixed, corrected, or equalized by the local board of review. This construction would make the constitution and its interpretation by the court and legislature harmonious.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer.