Argued December 2, decided December 28, 1909.

## ELMORE v. TILLAMOOK COUNTY.

[105 Pac. 900.]

TAXATION—EQUALIZATION OF ASSESSMENTS.

1. In view of the act of 1907 (Laws 1907, p. 450), defining the duties of the board of equalization, and which requires (sections 1, 2, and 3) the board to increase or reduce the valuation of property assessed so that the same shall be the full cash value thereof, it is not a ground for reducing an assessment of land below its true value that it is assessed higher than adjoining land, but, if the latter is assessed under its actual value, it is the duty of the board to increase its assessment, and not reduce the assessment of the land of a party complaining of the inequality.

SCOPE OF REVIEW—WRIT OF REVIEW.

2. The scope of the writ of review is to review the determination of the lower tribunal when it is has exceeded its jurisdiction or exercised the same erroneously in making such determination, and original relief cannot be secured thereby.

From Tillamook: WILLIAM GALLOWAY, Judge.

This is a proceeding to review the action of the board of equalization of Tillamook County. Upon motion made in the circuit court the writ was quashed and the proceedings was dismissed on the ground that the petition did not state facts sufficient to authorize the issuance of the writ and plaintiff appeals.          AFFIRMED.

For appellant there was a brief over the names of Mr. Claude Thayer and Mr. Oak Nolan, with oral arguments by Mr. Nolan and Mr. George C. Fulton.

For respondent there was a brief over the names of Mr. John H. McNary and Mr. W. H. Cooper, with an oral argument by Mr. Charles L. McNary.

MR. JUSTICE EAKIN delivered the opinion of the court.

This is a proceeding to review the action of the Tillamook County board of equalization. The circuit court upon motion quashed the writ, and dismissed the proceeding because the petition did not state facts sufficient to authorize the writ. As to the sufficiency of the petition for a writ of review, what is said in Elmore Packing Co.

v. *Tillamook County,* 55 Or. 218 (105 Pac. 989), applies equally to this case.

1. The petition states that plaintiff is the owner of lots 1, 2, 7, and 8, in section 26, township 1 S., range 10 W., in Tillamook County, which were assessed for the year 1907 in that county at a valuation of $9,500, and should not have been assessed for more than $3,835; that on October 24,1907, plaintiff appeared before the board of equalization and made application to have the assessment valuation reduced to $3,835, but that the board did not hear or consider said application, or make any order in relation thereto. The petition does not disclose that the application to the board contained any statement as to what the actual value of the property was, or recited any fact that would require the board to reduce the valuation. Nor does the petition state that the property is assessed above its true value. On the contrary, the ground upon which relief is sought is that the property is assessed higher than adjoining lands. This is not a ground for a reduction of plaintiff's assessment below the true value of the land; but, if the adjoining property is assessed under its actual value, it is the duty of the board to increase its assessment, and not to reduce the assessment of plaintiff's property. Sections 1, 2, and 3 of the act of 1907, defining the duties of the board of equalization (Laws 1907, p. 450), require the board to increase or reduce the valuation of property assessed, so that the same shall be the full cash value thereof. There is nothing in this record indicating that plaintiff's property was assessed above its actual cash value.

2. The petition does not seek to review any order or determination of the board of equalization, but asks the reviewing court to decree that said assessment be reduced to $3.835. The scope of the writ is to review the decision or determination of the lower tribunal, when it has exceeded its jurisdiction or exercised the same erroneously

Sig. 8

in making such determination.   Original relief cannot be secured upon review.

The petition is insufficient to authorize the writ of review, and the judgment is affirmed.          AFFIRMED.

