414 P.2d 206

**AMERICAN OIL COMPANY, a corporation, Plaintiff-Respondent and Cross-Appellant,**

**v.**

**P. G. NEILL, former Tax Collector of the State of Idaho, and Floyd West, Acting Tax Collector of the State of Idaho, Defendants-Appellants and Cross-Respondents.**

**No. 9113.**

Supreme Court of Idaho.

Feb. 25, 1966.

Allan Shepard, Atty. Gen., State of Idaho, and Wm. M. Smith, Asst. Atty. Gen., State of Idaho, Boise, for cross-respondents.

Calvin Dworshak, Boise, for cross-appellant.

McFADDEN, Chief Justice.

This cause involves issues presented by American Oil Company, plaintiff, on its cross-appeal taken at the time the defendants appealed from a summary judgment in favor of plaintiff, holding portions of I.C. § 49–1201(g)2, contrary to and in violation of provisions of the Constitution of the United States. (See: American Oil Company v. Neill, 86 Idaho 7, 383 P.2d 350, reversed American Oil Company v. Neill, 380 U.S. 451, 85 S.Ct. 1130, 14 L. Ed.2d 1.) This cause also involves issues presented by motion before this court for allowance of costs incurred in this court and in the appeal to the Supreme Court of the United States.

The American Oil Company, hereinafter referred to as plaintiff, contends that it is entitled to interest on the sums paid to the defendant tax collectors under the statute in question, is entitled to all its costs in the lower court, this court, and the Supreme Court of the United States, and further that judgment should be entered against the defendants personally. This opinion will discuss each of these contentions separately.

1. Issue of Costs.

 Plaintiff claims the trial court erred in deciding it was not entitled to costs in the lower court. By motion in this court plaintiff claims it is entitled to costs incurred in the appeal to the Supreme Court of the United States and its costs incurred in this court.

In support of these contentions plaintiff refers to I.C. § 12–102, and I.R.C.P. 54(d), and as authority for award of costs incurred in the Supreme Court of the United States plaintiff cites the case of Chicago, M. & St. P. Ry. Co. v. Public Utilities Commission, 47 Idaho 346, 275 P. 780.

In the Chicago, etc., Ry. Co., case (supra) this court held that the railroad company was entitled to judgment for costs taxed in the Supreme Court of the United States, but not to their costs in this court. The rationale for this ruling was that the Public Utilities Commission was a party to the action and hence the state was a party, there being no statutory authority for award of costs against the state, the costs incurred in this court could not be allowed. There is no question that under the holding of the Chicago, etc., Ry. Co., case, plaintiff is entitled to its costs incurred on the appeal to the Supreme Court of the United States.

As to whether plaintiff is entitled to costs in the lower court and costs incurred in this court another question is presented. As hereinafter pointed out, it is the determination of this court that the defendants in this cause are not subject to a personal judgment against them. This determination immediately presents the question raised in the Chicago, etc., Ry. Co. case,

whether the state is in fact a party to this litigation and if a party, whether costs may be taxed against it. The defendants are involved in this action by reason of their capacity as the tax collector or acting tax collector of this state, and this litigation involved the question whether the state is entitled to moneys it claimed under the provisions of I.C. § 49–1201(g)2. The State of Idaho is as much involved in this litigation as it was in the case of Chicago, etc., Ry. Co., (supra), and it is the determination here that while not actually named, the state itself was a party to this litigation.

The defendants contend that costs incurred in the lower court and this court cannot be awarded because there is no statutory authority therefor. The state also relies upon the Chicago, etc., Ry. Co., case (supra). In the instant case there is a different situation than in the Chicago, etc., Ry. Co., case. This cause involved the legality or illegality of a tax the state claimed was due it from plaintiff's predecessor, and not an order of the public utilities commission pertaining to tariffs and rates on lots, as the Chicago, etc., Ry. Co., case. Statutory provisions material here are:

I.C. § 12–102:

"Costs are allowed of course to plaintiff upon a judgment in his favor in the following cases:

" * * *

"5. In an action which involves * * * the legality of any tax, impost, assessment, toll or municipal fine."

I.C. § 12–114:

"Whenever costs are awarded to a party by an appellate court, if he claims such costs he must tax the same before the clerk of the Supreme Court, subject to exception and review by the Supreme Court or the judges thereof, within such time and subject to such regulations as the Supreme Court shall by rule direct, and the same when taxed shall be certified by the clerk of the Supreme Court to the clerk of the court from which the appeal was taken, to be there entered as a judgment and to be enforced by execution as in the case of other judgments."

I.C. § 12–118:

"When the state is a party and costs are awarded against it, they must be paid out of the state treasury, and the state auditor shall draw his warrant therefor on the general fund."

Thus there is statutory authority for allowance of costs in this cause. The legislature by enactment of I.C. § 12–102, sub. 5, has authorized imposition of costs in favor of any prevailing plaintiff in actions involving "The legality of any tax". Inasmuch as such an action could only be

brought against the state, county, municipality or other taxing authority, or the agents thereof, for this statute to be meaningful, of necessity it must be considered as authorization for imposition of costs against the state, county, or other taxing authority in those actions involving "the legality of any tax, impost, assessment, toll or municipal fine". When the conditions of I.C. § 12–102, sub. 5, are complied with, costs are allowable not only in the lower court, but also in this court, and I.C. § 12–118 provides the method of payment thereof.

Plaintiff asserted that it was entitled to certain specific items of costs in the lower court. While the trial court disallowed all costs claimed, the reason for such disallowance is not shown, and the cause must be remanded to that court to determine which items of cost the plaintiff is entitled to recover.

Defendants have not questioned any specific items of costs as contained in plaintiff's amended cost bill filed in this court; thus those items of cost attributable to this appeal, including the costs allowed by the Supreme Court of the United States, are allowed.

2. Personal liability of the defendants.

Plaintiff asserts that it is entitled to judgment against the defendants herein imposing a personal and individual liability upon them in this action in addition to their liability in their official capacities. As authority for this contention plaintiff refers to the case of Smith v. Costello, 77 Idaho 205, 290 P.2d 742, 56 A.L.R.2d 1020; in which case this court upheld the judgment of the trial court which imposed personal liability upon a conservation officer who shot plaintiff's dog which was running at large in territory inhabited by deer. The defendant asserted he was authorized to shoot such dogs without civil liability, contending that he was protected from such liability under the provisions of I.C. § 36–1407. The majority opinion held that such statute was unconstitutional, and that an unconstitutional act is not a law and, subject to certain exceptions, confers no rights and affords no protection.

The case of Smith v. Costello (supra) was decided by this court in November, 1955. In 1959 the legislature enacted the following provisions (S.L.1959, Ch. 5 § 1, I.C. § 6–611):

> *"Immunity from liability.*—No public officer may be held either criminally or civilly liable for actions performed under any statute if such statute is subsequently declared by judicial determination to be unconstitutional or otherwise non-existent or void, if such actions would have been legal had each statute not been held by judicial determination to be unconstitutional or otherwise non-existent or void."

This section of the code is controlling here. The trial court did not err in refusing to impose personal liability upon the defendants.

3. Interest on amounts paid.

█ Plaintiff claims it is entitled to interest on the sums it paid to defendant tax collectors as a tax, which the United States Supreme Court later held to be in violation of the Due Process Clause. Plaintiff argues that had it not paid the tax when demanded it would have had to pay a 15% penalty plus 8% per annum; that under general Idaho statutory provisions (I.C. § 27-1904 sub. 5), allowing interest, it is entitled to 6% of the sum so paid.

There is a decided split of authority as to whether, in the absence of specific statutory provisions therefor, a taxpayer is entitled to interest on taxes illegally assessed or charged. Annot.: 57 A.L.R. 357, 76 A.L.R. 1012, 112 A.L.R. 1183, 88 A.L.R. 2d 823. Illustrative of the line of cases which allow interest on an excess payment of taxes, provided no statute or public policy mitigates against it, are: Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School Distr., 304 Pa. 489, 156 A. 75, 76 A.L.R. 1007 (1931); State Tax Commission of Arizona v. United Verde Extension Mining Co., 39 Ariz. 136, 4 P.2d 395

(1931); Williams v. Harvey, 91 Mont. 168, 6 P.2d 418 (1931); Mullaney v. Hess, 189 F.2d 417, 13 Alaska 276 (9th Cir. 1951).

On the other hand, illustrative of authorities denying interest in such circumstances are: Schlesinger v. State, 195 Wis. 366, 218 N.W. 440, 57 A.L.R. 352 (1928); Hahne Realty Corp. v. City of Newark, 119 N.J.L. 12, 194 A. 191, 112 A.L.R. 1179 (1937); Lakefront Realty Corp. v. Lorenz, 19 Ill.2d 415, 167 N.E.2d 236, 88 A.L.R.2d 816 (1960)

The reasoning of the cases which deny recovery of interest on tax refund seems more logical. The state is liable for interest only when it consents thereto by statute or contract. People v. Union Oil Co., 48 Cal.2d 476, 310 P.2d 409 (1957); Irvine v. Reclamation Dist. No. 108, 24 Cal.2d 468, 150 P.2d 428 (1944); Annot.: 24 A.L.R.2d 928, § 16 at 974. This is based on the premise that a state is immune from suit except when consent to such action has been given by the constitution or legislative enactment. Hollister v. State, 9 Idaho 8, 71 P. 541; Davis v. State, 30 Idaho 137, 163 P. 373. Further it has been held that general statutes regarding the rate of interest and the allowance of interest between parties to actions do not include the state. Savings & Loan Soc. v. City and County of San Francisco, 131 Cal. 356, 63 P. 665, (1901); Engebretson v. City of San Diego, 185 Cal. 475, 197 P.

651 (1921). Also Idaho Const. Art. 7, § 13 provides: "No money shall be drawn from the treasury, but in pursuance of appropriations made by law," which constitutional limitation would bar any payment of a claim without specific statutory authorization.

Although certain statutes of this state authorize payment of interest on tax refunds: (i. e., I.C. § 49–1238(e) on refunds under special fuel tax; I.C. § 63–3073 on income tax refunds; I.C. § 63–2202, refunds of sums collected by counties for taxes), no statute has been called to the attention of this court authorizing payment of interest on the funds involved herein; plaintiff in its brief recognized the absence of statutory authority in this regard, when it stated therein: "In its present form the Act does not contain a provision for payment of interest on taxes illegally or erroneously collected."

It is our conclusion that plaintiff is not entitled to interest on the sums paid and to which it is entitled to judgment, without interest.

The judgment of the trial court as to the amount due the plaintiff is affirmed; the order of trial court refusing consideration of any costs therein incurred by plaintiff is reversed and the cause remanded for the trial court to allow and tax costs in conformity with the views herein expressed.

McQUADE and TAYLOR, JJ., and DUNLAP, D. J., concur.

KNUDSON, J., sat in at the hearing but retired from office prior to the decision.