609 P.2d 161

The COUNTY OF ADA, Assessor of Ada County and Treasurer of Ada County, Appellants and Cross-Respondents,

v.

RED STEER DRIVE–INS OF NEVADA, INC., Respondent and Cross-Appellant.

No. 13075.

Supreme Court of Idaho.

April 3, 1980.

**96**

Jim C. Harris, Ada County Pros. Atty., Boise, for appellants, cross-respondents.

Richard A. Cummings, Cummings, Davis & Isley, McKee & Harwood, Boise, for respondent, cross-appellant.

DONALDSON, Chief Justice.

This is an appeal by Ada County from a decision of the district court which affirmed the holding of the Idaho Board of Tax Appeals. The Board decided that the valuation of improvements on respondent, cross-appellant Red Steer Drive-Ins' property for the tax year 1975 should be reduced by 27%, and that property taxes paid on such improvements should be refunded by that percentage. We affirm the decision of the district court as to its assessment of damages, but reverse and remand on the issue of interest.

Red Steer Drive-Ins of Nevada owns commercial property in Ada County. In 1975 it appealed to the Ada County Board of Equalization for an adjustment on said property, following an appraisal of the improvements on it by the Ada County Assessor's Office. The Board of Equalization informed Red Steer that the assessor's ap-

praisal would be sustained. Red Steer appealed that decision to the Idaho State Board of Tax Appeals, requesting a reversal of the Board's decision and a lowering of the appraisal on the improvements, thereby reducing its taxes. Red Steer claimed that it suffered discrimination as a result of the method of assessment used by the county assessor.

The Board of Tax Appeals found there was discrimination in the valuation methods used by the assessor, in that improvements on residential and farm properties were assessed at 73% of their market value whereas commercial properties, such as Red Steer's, were assessed at 100% of the market value of such improvements. In order to achieve uniformity in tax assessments, the Board of Tax Appeals ordered that the value of commercial property should be readjusted by reducing the valuation of the improvements by 27%. This order was appealed by the county to the district court.

By pre-trial orders the parties agreed that the issues to be determined at the district court trial were:

(1) Whether the Ada County Assessor's valuation of Red Steer's property for the 1975 tax year was impermissibly discriminatory;

(2) If the valuation method was impermissible, whether Red Steer was entitled to damages for the return of all or part of the taxes assessed;

(3) If Red Steer was found to have a remedy available, what the proper measure of recovery should be;

(4) Whether Red Steer was entitled to interest on the taxes paid in excess of the amount found to be due on Red Steer's property.

The parties agreed that issues 1 and 2 would be decided at the first hearing of a bifurcated trial, with issues 3 and 4 reserved for a future hearing. Prior to the first hearing, the parties also stipulated to the fact that the Ada County Assessor's Office had reduced the market value of residential and farm property improve-

ments by 27%, which reduction was not applied to improvements on commercial property. The parties also agreed that the improvements on Red Steer's property were correctly valued at a market value of $93,-500.

At the first hearing the district court concluded that the valuation of Red Steer's real property improvements was impermissibly discriminatory and that it was entitled to a return of taxes in 1975 to the extent that they exceeded what would have been assessed had the 27% discount not been applied to the improvements on farm and residential properties. Ada County does not challenge these conclusions on the part of the district court.

The county does, however, challenge the issue of the measure of damages, which was the subject of the second hearing, and it is from this decision of the district court that the county presents its appeal. At the second trial the county presented a theory of damages based on reconstruction of the 1975 tax roll. It sought to eliminate the 27% discriminatory factor by increasing the valuation of improvements on farm and residential properties to 100% of their true market value, similar to the valuation imposed on commercial properties. In effect, this would result in an overall reduction of the mill levy rate, and would result in a refund of $196.33 to Red Steer.

Red Steer objected to this theory of damages, presenting a theory based on the 1977 tax roll as adjusted to reflect a theoretical 1975 tax roll. Red Steer contended that, because the original assessment was intentional and systematic, it was therefore unconstitutionally invalid and the entire amount of tax paid by it—$4525.44, should be refunded. Alternatively, it argued that, if required to pay taxes, its improvements should only be assessed at 62% of their market value, contending that, when all exceptions and inequities in valuation were removed from the 1975 tax roll, all noncommercial properties were being assessed at 62% of their market value. Accordingly, it argued that its refund should amount to 38% of the tax paid on the assessment value, or $1720.44.

The district court denied Red Steer's primary prayer that it be exempted entirely from paying any tax, finding that the valuation methods used were discriminatory but were not so systematically applied that they made all taxes collected invalid. Instead, it concluded that the Board of Tax Appeals was correct in all aspects and affirmed the Board's decision, granting a refund in the amount of a reduction on the valuation of Red Steer's improvements by 27%. It also determined that interest on the amount of the tax refund was not recoverable, referring to the case of *American Oil Co. v. Neill*, 90 Idaho 333, 414 P.2d 206 (1966) in which the Idaho Supreme Court indicated a preference for denial of such interest.

In addition to Red Steer, the decision affected 48 other property owners who had appealed from the Board of Equalization and who, by stipulation, agreed to be bound by the decision of the highest court to which an appeal might be taken. Thus, the outcome of this case will dispose of these other appeals as well.

Ada County appeals the district court's decision, arguing that a reduction on the value of Red Steer's improvements is neither constitutionally mandated nor legally correct. Red Steer cross-appeals, contending that the district court erred in not reducing the assessment value of Red Steer's property to the lowest common assessment value shared by other property owners in Ada County—62% of the market value. It also seeks interest on the excess taxes paid by it, as well as costs, and seeks attorney fees under the theory that, as private attorney general, it represented the public interest by challenging the unconstitutional actions of Ada County.

█ In determining the correct formula for compensation in an ad valorem tax case we are mindful of several general principles of taxation. The Idaho Constitution has always required that a tax be proportional to the value of the property, Id.Const. art. 7, § 2, and that it be levied uniformly upon the same class of subjects within the taxing district. Id.Const. art. 7, § 5. The require-

ment of uniformity is violated not only when the tax is levied unevenly within the same class of subjects but also when one class of property is systematically assessed at a higher percentage of actual cash value, subjecting the taxpayer to a higher rate of taxation, than applies to other property within the taxing district. *Idaho Telephone Co. v. Baird*, 91 Idaho 425, 429, 423 P.2d 337, 341 (1967); *Boise Community Hotel, Inc. v. Board of Equalization*, 87 Idaho 152, 160, 391 P.2d 840, 844 (1964); *Chastain's, Inc. v. State Tax Commission*, 72 Idaho 344, 349–50, 241 P.2d 167, 169–70 (1952); *Anderson's Red & White Store v. Kootenai County*, 70 Idaho 260, 265, 215 P.2d 815, 818 (1950).

■ Where discrimination has occurred, this Court has held that the aggrieved taxpayer is entitled to relief where the valuation fixed by the assessor is manifestly excessive, fraudulent or oppressive, or arbitrary, capricious and systematically discriminatory. *Merris v. Ada County*, 100 Idaho 59, 64, 593 P.2d 394, 399 (1979); *Appeal of Sears, Roebuck & Co.*, 74 Idaho 39, 46, 256 P.2d 526, 530 (1953); *Anderson's Red & White Store v. Kootenai County, supra* at 264, 215 P.2d at 817. Since Ada County does not dispute the finding of discrimination, the central issue turns upon the correct form of relief to be granted to the aggrieved taxpayers.

■ In Idaho, the formula for recovery of damages in tax assessment cases has traditionally been to reduce the aggrieved taxpayer's assessments to the same level as shared by all other property owners. In *Washington County v. First National Bank*, 35 Idaho 438, 206 P. 1054 (1922), this Court affirmed the actions of the district court which had enforced the requirement of uniformity of taxation by reducing the taxes on capital stock, which had been assessed at 100% of its full cash value, to 50%, which was the assessment rate at which all other property in the county was being charged. In that case the Court held:

> "Where certain property is assessed at a higher valuation than all other property, the court will enforce the requirement of uniformity by a reduction of the taxes on the property assessed at the higher valuation, if it be shown that the difference is the result not of mere error in judgment, but of fraud or of intentional and systematic discrimination." 35 Idaho at 444, 206 P. at 1056.

■ This rationale was continued in *McGoldrick Lumber Co. v. Benewah County*, 54 Idaho 704, 35 P.2d 659 (1934), where it was held that if any property in a county had been assessed too high or too low as compared with other assessments, and its assessment was above or below the full cash value, it was required to be increased or decreased in value in order to bring it in line with other property. 54 Idaho at 712, 35 P.2d at 663. In *Anderson's Red & White Store v. Kootenai County, supra*, this Court reversed the district court's finding that assessment of stocks of merchandise at 20% of their value, as opposed to assessment of all other properties in the county at 10% of their value, was not discriminatory. In remanding the case for further findings of fact this Court ordered that if it were found that the aggrieved taxpayers' merchandise was systematically overvalued compared to other property owners, then the aggrieved taxpayers' assessments were to be reduced by such amounts as would equalize them with the assessments on other property. 70 Idaho at 266, 215 P.2d at 818.

This approach was also followed in *Appeal of Sears, Roebuck & Co., Inc., supra* at 41, 256 P.2d 527, (where the stock in trade was assessed in a method found arbitrary and capricious, the taxpayer was entitled to a reduction in assessment value plus a refund of excess taxes paid) and *In re Farmer's Appeal*, 80 Idaho 72, 79, 325 P.2d 278, 281 (1958) (where certain property was assessed at a higher value than all other property and a standard in determining the value for assessment purposes was used which did not conform to the standard generally used, the taxpayer was entitled to a reduction in conformance to the standard used in assessing other property). More recent cases have followed this formula for recovery of taxes on overassessed property. *Idaho Telephone Co. v. Baird, supra* at 435,

423 P.2d at 347; *Boise Community Hotel, Inc. v. Board of Equalization, supra* at 163, 391 P.2d at 846. The Ninth Circuit has also adopted this formula for recovery. *Washington Water Power Co. v. Kootenai County,* 270 F. 369, 375–76 (9th Cir. 1921).

▄ The formula adopted by the Board of Tax Appeals and affirmed by the district court amounted to a 27% reduction in the valuation of improvements on commercial property, which reduction had already been discriminately applied to residential and farm properties. By reducing the valuation on respondent's property as would equalize it with the values placed on other properties, the district court was merely in keeping with the holdings of prior Idaho case law. We therefore affirm its formula of recovery for Red Steer by means of the 27% discount on its improvements, and the subsequent 27% refund of its taxes for the year 1975.

On appeal, Ada County would have us reject the long line of cases where we have continually upheld the reduction of the aggrieved taxpayer's property to the same level applied to other property owners. Instead, they urge that we adopt a formula for recovery whereby the undervalued property would be increased to the level of the aggrieved taxpayer and the refund computed on the basis of the increased valuation to the tax roll. The county cites us to several jurisdictions where this is the accepted formula for recovery. *Bade v. Drachman,* 4 Ariz.App. 55, 417 P.2d 689 (1966); *Penn Phillips Lands, Inc. v. State Tax Commission,* 247 Or. 380, 430 P.2d 349 (1967). Indeed, while this formula for computation of damages had long been present in other jurisdictions, *In re Sioux City Bridge Co. Assessment,* 105 Neb. 843, 182 N.W. 485, 487 (1921); *Elmore v. Tillamook County,* 55 Or. 224, 105 P. 900 (1909), we do not feel compelled to adopt it in Idaho in light of our numerous holdings in the past to the contrary.

The county argues that giving Red Steer a 27% reduction in valuation will give them a lower 1975 valuation than other commercial improvements, and improvements on farm and residential properties added to the tax roll or reappraised since 1975. They rely on the recent case of *Merris v. Ada County,* 100 Idaho 59, 593 P.2d 394 (1979) as standing for the proposition that the touchstone in the appraisal of property for ad valorem tax purposes is the fair market value of that property, and that a 27% reduction in valuation violates the constitutional requirement of uniformity in taxation. *Merris,* however, may be distinguished on its facts. There, the taxpayer challenged the valuation on his property which had been determined by the assessor on the basis of its retail cost after being originally assessed on a wholesale basis. Unlike the present case, *Merris* did not involve a challenge to an assessment on the basis of discriminatory assessment rates which favored particular property owners over others. It therefore is not on point with the case at bar.

▄ This Court has long held that even though the reduction of the assessment will result in an assessment at less than cash value, it will still be enforced. *Washington County v. First National Bank, supra,* 35 Idaho at 444, 206 P. at 1056. The requirement that all property be assessed at its actual cash value is secondary to the constitutional mandate of equality of taxation. *Chastain's, Inc. v. State Tax Commission, supra,* 72 Idaho at 348, 241 P.2d at 169; *Washington County v. First National Bank, supra.* Thus, we reject Ada County's theory of damages.

▄ Likewise, we reject the theory of damages proposed by Red Steer on its cross-appeal. Red Steer asks us to grant a refund in the amount of a 38% reduction in the valuation of its improvements and a corresponding reduction in its taxes. Red Steer claims that the inequities present in the 1975 tax structure were not amenable to relief through the district court's method of refunding and that a 38% reduction is mandated because the property on the 1975 tax roll was valued at only 62% of its true value.

We reject Red Steer's formula even though the district court found that there were inequities in the 1975 tax roll. It noted that while the inequities were pervasive, and resulted from "spot appraisals," rapid population growth, constantly inflating property values and the addition of new properties to the tax roll, they were not the kind of systematic, intentional discriminatory practices for which relief could be granted. Since the district court could find and did find that the only intentional, systematic discrimination which occurred was in the application of the 27% reduction to residences and farms, only that portion of the assessment required relief. A court will not attempt to correct mere mistakes or errors of judgment on the part of the assessor. *Appeal of Sears, Roebuck & Co., supra,* '74 Idaho at 46, 256 P.2d at 530. We therefore affirm the extent of relief granted to Red Steer by the district court and reject the theory of damages it presented on its cross-appeal.

We turn now to the second issue raised in this action—whether Red Steer is entitled to interest payments on the amount of tax which it overpaid. In *American Oil Company v. Neill,* 90 Idaho 333, 414 P.2d 206 (1966), this Court indicated its preference for denial of interest in tax disputes of this nature. In that case, however, we noted the split of authority as to whether a taxpayer is entitled to interest, *in the absence of specific statutory provisions,* on taxes illegally assessed or charged. *American Oil Company v. Neill, supra* at 388, 414 P.2d at 209, and cases cited therein. Examination of our statutes on this matter reveals there is no statute expressly exempting the state or any of its political subdivisions from paying interest on amounts due as a result of a judgment rendered against those entities. Therefore, there is no reason to distinguish the state or any of its political subdivisions, e. g., Ada County, from private parties who are required to pay interest on "[m]oney due on the judgment of any competent court or tribunal." I.C. § 28–22–104(4). It would be inequitable to create a special status for the state or its subdivisions whereby the county could avoid the payment of interest, but where private parties would be required to make such payments. To avoid this inequity, the county should be required to pay interest on the district court judgment.

Furthermore, the payment of interest on the amount due is necessary to fully compensate Red Steer since the loss of the use of the money from the time of its overassessment until its recovery represents additional costs to it. We therefore reverse the judgment of the district court only as it pertains to the denial of interest and remand this portion to the district court with instructions to enter judgment in favor of Red Steer, entitling it to interest on the judgment. To the extent that this decision affects a change from our previous position on the issue of interest payments, *American Oil Company v. Neill, supra,* is hereby overruled.

The last issue which we address is whether Red Steer is entitled to recovery of its attorney's fees under the private attorney general theory. The district court noted that while there may have been some benefit to the general public in bringing the discriminatory assessment practices to light before the Board of Tax Appeals, the only substantial benefit after that was a monetary recovery of excess tax payments by Red Steer and the 48 other affected property owners. Under such circumstances, the district court concluded it would be unwise and contrary to the public interest to shift the attorney's fees incurred by Red Steer onto the taxpayers of Ada County. We agree with the district court.

Under the standards established in *Serrano v. Priest,* 20 Cal.3d 25, 141 Cal.Rptr. 315, 569 P.2d 1303 (1977), three basic factors are to be considered in awarding attorney's fees under the theory of private attorney general. They are:

"(1) the strength or societal importance of the public policy vindicated by the litigation, (2) the necessity for private enforcement and the magnitude of the resultant burden on the plaintiff, (3) the number of people standing to benefit from the decision." 141 Cal.Rptr. at 325, 569 P.2d at 1314.

As finder of fact, the district court was unable to ascertain with any degree of certainty the benefit allegedly bestowed upon the general public as a result of Red Steer's actions. It did find, however, that a substantial benefit was bestowed upon the affected property owners. In the absence of a paramount societal interest in the matter being litigated, one of the basic factors required for an award of attorney's fees under the private attorney general theory is missing.

As the county argues on appeal, it is also somewhat questionable whether there was a need for private enforcement in this case, since both the County Board of Commissioners and the Idaho State Tax Commission were aware of the problems inherent in the old reappraisal system, and had attempted to correct the faulty practices of the assessor's office in recent years. It is our belief that the standards set out in *Serrano* were not met by Red Steer in this case. Since an award of attorney's fees is discretionary with the court, I.C. § 12–121; I.R.C.P. 54(e)(1) (effective March 1, 1979), and Red Steer has failed to show an abuse of discretion by the lower court in its denial of attorney's fees, the district court's denial is accordingly affirmed.

Affirmed in part with costs to respondent. Reversed and remanded on the issue of interest for further proceedings consistent with the opinion of this Court. Attorney's fees denied.

SHEPARD and BISTLINE, JJ., concur.

BAKES, J., sat but did not participate.

McFADDEN, Justice, concurring in part and dissenting in part.

I concur in all of the majority opinion except for that portion of it wherein the judgment of the district court is reversed insofar as the awarding of interest on the judgment to cross-appellant. This court in *American Oil Company v. Neill*, 90 Idaho 333, 414 P.2d 206 (1966), denied a claim of interest by a taxpayer in a tax dispute. This court there held that in the absence of express statutory authority interest will not be allowed the taxpayer. No specific statutory authority has been called to the attention of this court, nor has research reflected any change in the statutes on this point since the decision in *American Oil Company v. Neill*, supra. The position of the majority is simply that it is inequitable not to allow such interest. Be that as it may, it is my conclusion that that is a decision which the legislature should make. I am not persuaded that the position of this court in *American Oil Co. v. Neill* is incorrect.