803 P.2d 973

STATE of Idaho, Plaintiff–Appellant,

v.

**John B. THOMPSON,**
**Defendant–Respondent.**

No. 16941.

Supreme Court of Idaho,
North Idaho, April 1990 Term.

June 21, 1989.

On Rehearing Dec. 28, 1990.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-appellant. Myrna A.I. Stahman argued.

Clark & Feeney, Lewiston, for defendant-respondent. Douglas L. Mushlitz argued.

PER CURIAM.

The named defendant was charged with multiple counts of delivery of a controlled substance. He retained counsel and entered a not guilty plea. Defense counsel conducted attempts at discovery well in advance of a trial which proceeded no further than selection of a jury. Shortly before the trial date defense counsel filed a motion *in limine* which claimed prejudice by reason of the State's failure in regard to discovery. The trial court found such failure was factually established, and imposed a monetary sanction on the State. The State has appealed the imposition of that sanction.[1]

The 1969 Idaho legislature amended Ch. 13, Title 19, Idaho Code, by adding thereto § 19–1309, which has remained intact since passage. The plain intent of § 19–1309 is to require discovery by both the state and defendant in advance of trial, and, presumably, to expedite criminal trials and diminish opportunities for surprise.

Ten years later the Supreme Court in 1979 promulgated Idaho Criminal Rule 16, which was amended in the following year. The rule does not refer to the statute, but is obviously designed to amplify on the statute in an effort to assist prosecutors and defense counsel in utilizing discovery processes.

As applicable in this case, the issue presented to the trial court, and in turn to this Court, hinges on the remedial provisions of the statute and the rule where a

---

1. At oral argument the State acknowledged that there was a question of whether or not the State had a right to appeal under I.A.R.11(c). We do not resolve that issue because we conclude that the issue is significant and accordingly we choose to review it under our plenary power. *State v. Lewis,* 96 Idaho 743, 536 P.2d 738 (1975).

party, either the state or the defendant, has failed to comply with I.C. § 19–1309, which provides in part:

> (7) If at any time during the course of the proceedings it is brought to the attention of the court that a party *has failed to comply with this section or* with an *order* issued pursuant to this section, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, *or it may enter such other order as it deems just under the circumstances.*

(Emphasis added.) The Court's Criminal Rule 16 provides in part:

> (j) Orders for discovery. If a party has failed to comply with a request for discovery under this rule, the court upon motion of a party, may, order a party to permit the discovery or inspection, prohibit the discovery of part or all of the information, evidence or material sought to be discovered, *or enter such other order as it deems just in the circumstances.*

(Emphasis added.)

In this case, shortly before the scheduled jury trial the defendant by motion and affidavit informed the court of the State's failure to have timely complied with defendant's requested discovery and with the court's order requiring such compliance; the defendant claimed and detailed resultant prejudice in going to trial by reason thereof.

On that day of the scheduled trial the prospective jurors appeared and a jury panel was selected. The court recessed to consider the defendant's motion. A mini-trial was conducted on the issue of noncompliance, with the court receiving testimony and other evidence. The court heard oral argument of counsel, and thereafter ruled on the defendant's pending motion by way of written findings of fact, conclusions of law, and order as follows:

### I.

The defendant filed his initial Request for Discovery and Inspection Pursuant to Rule 16(a) with the Court on or about *July 21, 1986.* That said Request for Discovery set forth in a specific request which read as follows:

> That the defendant be apprised of and be permitted to copy, inspect, or photograph the results of or reports on any scientific tests or experiments made in connection with this case.

That defendant filed a Supplemental Request for Discovery and inspection with the Court on or about *January 2, 1987.*

### II.

The Court finds that plaintiff, State of Idaho, has, in this matter, violated or failed to comply with Rule 16 of the Idaho Criminal Rules by failing to provide defendant and his attorney with copies of the test results obtained by the State's agents, employees, or witnesses as requested by defendant's Request for Discovery and Inspection Pursuant to Rule 16(a) filed with the Court on or about July 21, 1986. That the State has further violated or failed to comply with Rule 16 by failing to provide documents and evidence, such as maintenance logs, requested by defendant in his Supplemental Request for Discovery and Inspection filed with the Court on January 2, 1987.

### III.

That the violation or failure of compliance with Rule 16 on the part of the State occurred despite the fact that the matter of discovery in this case had been brought to the attention of the court at hearing held substantially prior to trial, and further despite the Court having issued an order regarding the same.

### IV.

That the violation or failure of compliance with Rule 16 on the part of the State caused prejudice to defendant and

impaired his attorney's ability to prepare for trial.

### V.

That because the State violated or failed to comply with Rule 16 and meet its obligation of disclosure prior to this matter having come on for trial, and because such has caused prejudice to defendant, the Court finds that this is a proper case for imposition of sanctions against the State. The court deems that in the circumstances of this case, that it would be just to order sanctions in the form of an award of certain costs and attorney fees against the State and unto the defendant and his attorney.

### VI.

The Court has previously requested that defendant's attorney submit a memorandum of costs and attorneys fees relating to said attorney's trip to the State of Idaho Department of Health and Welfare Forensic Laboratory on January 14, 1987, and said attorney's fees for preparation and attendance at the proceedings conducted in this matter at the time scheduled for trial on January 19 and 20, 1987. That defendant's attorney filed a Memorandum of Costs and Attorneys Fees with the Court on or about January 22, 1987, and, at the direction of the Court, filed an Amended Memorandum of Costs and Attorney Fees with the Court on or about February 13, 1987. That on March 4, 1987, hearing was held on defendant's Amended Memorandum of Costs and Attorneys Fees and on plaintiff's Objection to Defendant's Memorandum of Costs and Attorney Fees. The Court having reviewed the matter and considered plaintiff's objections, the Court denies said objection and finds that the order for payment of costs and attorneys fees in this matter should consist of mileage at the rate of 20.5 cents per mile in the amount of $49.20, plus attorneys fees in the amount of $1,704.00, in total the sum of $1,753.20.

NOW, THEREFORE, BASED UPON THE FOREGOING, IT IS HEREBY OR-DERED that sanctions in the form of an order for payment of costs and attorneys fees in favor of defendant and his attorney be assessed against the plaintiff in this matter, and plaintiff is therefore hereby ORDERED to pay unto defendant and his attorney in the sum of $1,753.20.

DATED this 19th day of March, 1987.

/s/ Ron Schilling
District Court Judge

(Emphasis added.)

At oral argument Chief Justice Shepard intimated to the state's attorney that, if Finding II is substantiated by the evidence, the State's appeal fails. On our review of the record we conclude that it is so substantiated. We also conclude that no valid purpose would be served by detailing the State's failure to comply with the defendant's request and the court's order. The trial judge was at all times well aware of all attending circumstances and the situation which confronted defense counsel in going into a trial without the benefit of the requested discovery.

Moreover, we see the trial court's actions as being very even-handed and well thought out. The trial court's remarks to the prosecutor and defense counsel at the close of the mini-trial have apparently eluded the deputy attorney general who prosecutes the appeal, but those remarks are reflective of a sound judicial temperament and worthy of being repeated:

So it is the conclusion of the court that the State has not complied with Rule 16. The issue then becomes what would be the proper sanction.

Now, either the evidence can be excluded completely as is requested by the motion in limine or the motion in limine can be denied and with proper sanctions against the State for not complying with discovery . . .

. . . .

We have a case here where both the defendant and the people are interested in a trial, a fair trial. We have a case of a more serious nature. This case has the second highest punishment possible in

this state. There is a possible life sentence for delivery of cocaine.

It appears to me under those circumstances that it would be error for the court, it would be wrong for the court and not in the interest of justice if the court were to in effect exclude this evidence and I won't do that....

Based upon that reasoning and based upon that opinion with the sanction of costs imposed it is my decision and I do hereby deny your motion in limine.

On the following day the court heard the argument of the State advancing reasons for not imposing costs and attorney fees as sanctions. The court responded in part as follows:

I'm convinced that ... this material was under the control of the prosecuting attorney ... because these are ... your experts and the rule provides that you can make this available for inspection.

. . . .

All the time this data was contained in two files in a laboratory within the constructive control of the State. Could have been resolved by simply those files being copied and sent down.

I've tried to think of an appropriate sanction in this case. I certainly didn't think it was in the interest of justice to grant the motion in limine because the people have a right for this case to go to trial, too.

Now, ah—my decision will remain the same and that is essentially ruling to deny the motion in limine and proceed to trial with the sanctions being imposed.

Thereafter the criminal case against the defendant was brought to a conclusion by the entry of defendant's plea of guilty to two counts of delivery of a controlled substance, and the entry of a judgment of conviction based thereupon, with imposition of sentence.

Finding no error whatever in the proceedings below, the order appealed from is affirmed. Costs to respondent.

## ON REHEARING

BAKES, Chief Justice, and JOHNSON, BOYLE and McDEVITT, Justices.

■ On the State's motion a rehearing was granted, but limited to one issue. The narrow issue on rehearing is whether authority supports the award of costs on appeal against the State to a successful party in a proceeding which had its origins in a criminal case. This Court holds that costs may not be taxed against the State on any appeal which has its genesis in a criminal prosecution because no statute authorizes the imposition of such costs. The concensus of this Court is to modify the previous opinion by deleting the award of costs on appeal to Thompson.

The question of allowing costs against the State has a long history in Idaho. Beginning in 1929, and recently reaffirmed in 1952, this Court has consistently held that "[c]osts are allowed against the state only where provided by statute, either expressly or by necessary implication." *Chastain's Inc. v. State Tax Comm'n*, 72 Idaho 344, 350, 241 P.2d 167, 170 (1952), citing with approval to *Chicago, Milwaukee & St. Paul Ry. v. Public Util. Comm'n*, 47 Idaho 346, 275 P. 780 (1929).

In the absence of a statute authorizing an award of costs against the State in a criminal appeal, *State v. Peterson*, 113 Idaho 554, 746 P.2d 1013 (Ct.App.1987); *State v. Spurr*, 114 Idaho 277, 755 P.2d 1315 (Ct.App.1988), the concensus is that this Court should not have awarded costs to Thompson incurred by the State's appeal. Accordingly, the previous opinion, filed June 21, 1989, is modified by deletion of the award of costs to Thompson. No costs and no attorney fees on this rehearing.

BISTLINE, Justice, dissenting.

A short review of the statutes, case law, and rules governing the award of costs on appeal leads to the conclusion that costs *are* awardable to the prevailing party in this appeal. This conclusion is arrived at no matter how the appeal is characterized. Even if considered a criminal appeal, Thompson is entitled to his costs. The amount at stake is less than $100, making

the State's position quite clear—it is not the money which moves it to action, but rather it is the principle.

The criminal aspect of *State v. Thompson* was concluded before any appeal was taken, and then it was the State that appealed, not Thompson. Thompson's position was simply that of a *respondent* on appeal. For certain he was not a defendant being prosecuted. The opinion for the Court specifically noted that: "[T]he criminal case against the defendant was brought to a conclusion by the entry of defendant's plea of guilty to two counts of delivery of a controlled substance, *and the entry of a judgment* of conviction based thereupon, with imposition of a sentence." (Emphasis added.) At the time the State chose to test the appellate waters, this was no longer a pending *criminal* case. The criminal case had come to a close.

Guidance for awarding costs in a civil appeal is found in Title 12 of the Idaho Code, entitled "Costs and Miscellaneous Matters In Civil Actions." Section 114 of Title 12 states:

> **12–114. Taxation of costs on appeal in Supreme Court.**—Whenever costs are awarded to a party by an appellate court, if he claims such costs he must tax the same before the clerk of the Supreme Court....

This section has been used by this Court in the past to award the costs of appeal against the State. In *American Oil Co. v. Neill*, 90 Idaho 333, 414 P.2d 206 (1966), overruled on other grounds, *County of Ada v. Red Steer Drive–Ins of Nevada, Inc.*, 101 Idaho 94, 609 P.2d 161 (1980), this Court awarded costs to American Oil against the State, after American Oil successfully argued that the taxes assessed were illegal. There is no discernible procedural or substantive difference between *American Oil* and this case. On what basis does the Court award costs to American Oil, but not to Mr. Thompson?

The per curiam opinion states the Court's concensus that the State's appeal falls on the criminal side rather than the civil. Even were that true, the prevailing party should be awarded costs. In *State v. Clay-*ton, 113 Idaho 817, 748 P.2d 401 (1988), the defendant appealed the suspension of his driver's license after he was arrested for being in physical control of a vehicle while intoxicated on December 13, 1985. This Court affirmed the license suspension. This Court also awarded costs to the State. *See also, Justice v. State*, 119 Idaho 158, 804 P.2d 331 (App.1990) (costs awarded to State in appeal from driver's license suspension pursuant to I.C. § 18–8002). The facts in *Clayton* took place *before* the legislature amended I.C. § 18–8002 to provide that suspension of a license under that statute should be considered a civil and not a criminal penalty. Further muddying the already murky waters, this Court's opinion in *State v. McCormack*, 117 Idaho 1009, 793 P.2d 682 (1990), held that the suspension of driving privileges under I.C. § 18–8002 is a *criminal* penalty.

Thus costs have been *awarded to the State in its successful defense of a criminal appeal*. As the defendant-appellant in *Clayton* pointed out in his objection to the bill of costs filed by the State, the appeal to this Court was taken pursuant to I.A.R. 11(c), which governs appeals from criminal proceedings, and not pursuant to I.A.R. 11(a) which governs appealable orders in civil proceedings.

In addition to case law, statutes and rules support the award of costs to Thompson in this case. According to I.C. § 19–2801,

> An appeal may be taken to the Supreme Court from the district court in a criminal action by such parties from such judgments and orders of the district court, and within such times and in such manner as prescribed by Rule of the Supreme Court.

The Supreme Court has responded with I.A.R. 40:

> Costs shall be allowed as a matter of course to the prevailing party unless otherwise provided by law or order of Court.

As can be readily noted, the rule does not discriminate nor distinguish in favor of the State. We learned as little children that

what is good for the goose is good for the gander.