804 P.2d 331

**In the Matter of the Suspension of the Driver's License of Burbage R. JUSTICE.**

**Burbage R. JUSTICE, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 18411.

Court of Appeals of Idaho.

Nov. 27, 1990.

Petition for Review Denied Feb. 6, 1991.

Walker & Spink, Twin Falls, for petitioner-appellant. Lloyd J. Walker argued.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for respondent. Myrna A.I. Stahman argued.

PER CURIAM.

Burbage Justice's driver's license was suspended following a show cause hearing before a magistrate. Justice contends that the magistrate erred by not making specific findings of fact on all of the evidence introduced at the license suspension hearing regarding the stop of his vehicle. Justice argues that the facts, as recounted by the officer, are contradictory and unsupported by the evidence. Justice asserts first that, had the magistrate made the required findings of fact, no showing of probable cause for the stop would have been made. Alternatively, Justice asks

that this court remand the case to the magistrate for more specific findings of fact on the question of whether probable cause existed for the stop. For reasons explained below, we affirm the district court's decision upholding the magistrate's suspension order.

Officer Robert Bingham stopped a vehicle being driven by Justice near the intersection of Eastland Avenue and Filer Avenue in Twin Falls. The stop took place in the early morning hours of April 21, 1989, while Justice was attempting to return home. The officer stopped Justice after watching his vehicle cross the center dividing line twice and weave back and forth onto the shoulder of the road.

After the stop, the officer observed that Justice's eyes were bloodshot and that his speech was slurred. The officer also noted that Justice smelled of alcohol and swayed as he tried to walk. Moreover, when questioned, Justice admitted that he had been drinking. Justice was then asked to perform several field sobriety tests. After failing each of these tests, Justice was arrested for driving under the influence of alcohol. The officer then read Justice his *Miranda* rights. He was later taken to the police station and asked to submit to a breath alcohol test to determine the alcohol content of his blood. Justice refused to comply. Later, an affidavit was filed showing that he had refused to take the breathalizer test as required by M.C.R. 9.2.

At the request of Justice, a hearing was held to determine whether his license should be suspended. At the hearing, the magistrate verbally announced that the officer had probable cause for the stop, after which the magistrate entered an order suspending Justice's driver's license. Justice appealed to the district court. The district court, acting in its appellate capacity, affirmed the magistrate, and this appeal followed.

■ Justice contends that because a driver's license suspension hearing is civil in nature, the Idaho Rules of Civil Procedure should apply. In particular, Justice argues that I.R.C.P. 52(a) is applicable, requiring that the magistrate enter specific findings of fact on all of the substantial evidence before the court. Here, he notes, the magistrate made only an oral finding that he had crossed over the center dividing line twice. However, no specific findings were made as to the remainder of the testimony given by the officer surrounding the stop. Justice argues that the magistrate cannot base his probable cause finding on certain facts extracted from the officer's testimony and then, to the detriment of the accused, totally ignore other statements made by the officer. However, it is a well established rule that the credibility of the witnesses and the weight to be given to their testimony is the exclusive function of the trier of fact—in this case, the magistrate. *Argonaut Ins. Cos. v. Tri-West Constr. Co.*, 107 Idaho 643, 691 P.2d 1258 (Ct.App.1984). Consequently, the magistrate was entitled to make a factual determination showing probable cause from uncontradicted testimony and to disregard other testimony by the officer concerning the justification for the stop.

■ At the driver's license suspension hearing, Justice had the burden of showing why he did not submit to the breathalizer test. I.C. § 18–8002(4)(b). Justice was not successful in meeting that burden. While it is true that some of the officer's testimony may well have been impeached, or at the very least disputed, it is unchallenged that Officer Bingham saw Justice cross over the center dividing line on two occasions. These two traffic infractions provided the officer with probable cause for the stop. I.C. § 49–630; *State v. Armbruster*, 117 Idaho 19, 784 P.2d 349 (Ct.App.1989). After the officer made an authorized stop, further observation and inquiry led him reasonably to believe Justice was driving the vehicle while under the influence of alcohol.

Justice contends that the brief "bench remarks" of the magistrate do not satisfy the Rule 52(a) requirement that the magistrate enter findings of fact and conclusions of law. "It is true, of course, that a reviewing court may reverse the trial court's decision when findings are absent or inadequate. However, such reversal is unneces-

**160**

sary if the record gives the appellate court a complete understanding of the material issues." *In re Clayton,* 118 Idaho 59, 61, 794 P.2d 648, 650 (Ct.App.1990) (review denied). Here, the record is sufficient to show the reasons for Justice's license suspension. Therefore, we can resolve this issue without having to decide whether Rule 52(a) applies to a driver's license suspension proceeding.

Accordingly, we affirm the district court's decision upholding the suspension order. Costs awarded to respondent. No attorney fees on appeal.