**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38611**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 354 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 3, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARGARET LEA LEWIS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment of conviction for felony driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Margaret Lea Lewis appeals from her judgment of conviction for felony driving under the influence. Idaho Code §§ 18-8004, 18-8005(5). Specifically, Lewis challenges the district court's order denying her motion to suppress evidence. For the reasons set forth below, we affirm.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

1

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A routine traffic stop by a police officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). Because a routine traffic stop is normally limited in scope and duration, it is more analogous to an investigative detention than a custodial arrest and, therefore, is analyzed under the principles set forth in *Terry v. Ohio*, 392 U.S. 1 (1968). *Prouse*, 440 U.S. at 653-54. Under *Terry*, an officer may lawfully stop a suspect for investigative purposes only when the officer has a reasonable suspicion that the person has committed or is about to commit a crime. *Terry*, 392 U.S. at 30; *State v. DuValt*, 131 Idaho 550, 552-53, 961 P.2d 641, 643-44 (1998).

Lewis only challenges the district court's conclusion that Lewis's infraction of crossing over the fog line gave the officer reasonable suspicion to enforce a traffic stop. An officer who has observed a traffic infraction, even if minor and insignificant, has reasonable suspicion to stop the driver who committed that infraction. *Whren v. United States*, 517 U.S. 806, 810 (1996). As previously decided by this Court in *State v. Slater*, 136 Idaho 293, 32 P.3d 685 (Ct. App. 2001), crossing the fog line, even fleetingly, constitutes a traffic infraction. Therein we held:

> Idaho Code § 49-630(1) requires that a vehicle be driven on the right half of the roadway, except in certain circumstances that are not applicable in this case. The "roadway" means that portion of a highway that is "improved, designed or ordinarily used for vehicular travel." I.C. § 49-119(18). It does not include "sidewalks, shoulders, berms [or] rights-of-way." *Id*. Accordingly, when Officer Burns observed Slater's tires cross the fog line, albeit fleetingly, Burns now possessed the requisite reasonable suspicion that Slater had violated I.C. § 49-630 by driving on the shoulder of the highway, rather than on the "roadway."

*Slater*, 136 Idaho at 298, 32 P.3d at 690.

*Slater* controls the outcome of this case. Because crossing over the fog line, even if only fleetingly, constitutes a traffic infraction, the officer had reasonable suspicion to stop Lewis.[1]

---

[1]    While the district court and the parties analyzed the case under the reasonable suspicion standard, we note that in this case where the officer observed the traffic infraction, the officer had probable cause to make the stop. *See State v. Myers*, 118 Idaho 608, 610, 798 P.2d 453, 455 (Ct. App. 1990); *Matter of Justice*, 119 Idaho 158, 159, 804 P.2d 331, 332 (Ct. App. 1990).

Therefore, the district court correctly denied Lewis's suppression motion. Lewis's judgment of conviction for felony driving under the influence is affirmed.